**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                   |   |                             |
|-----------------------------------|---|-----------------------------|
| HI TECH PHARCEUTICALS, INC.,      | ) |                             |
| Plaintiff,                        | ) |                             |
| v.                                | ) | Civ. Action No. 13-489 (EGS)|
| FEDERAL TRADE COMMISSION,         | ) |                             |
| Defendant.                        | ) |                             |

**MEMORANDUM OPINION AND ORDER**

I. INTRODUCTION

Plaintiff Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech") has brought an action for declaratory and injunctive relief against the Federal Trade Commission ("FTC"). On April 12, 2013, the Court ordered Hi-Tech to show cause why the case should not be transferred to the United States District Court for the Northern District of Georgia, where an underlying Enforcement Action at issue in this case has been pending before Judge Charles A. Pannell, Jr. since 2004. *See Fed. Trade Comm'n v. Nat'l Urological Group, Inc.*, No. 04-cv-3294 (CAP) (hereinafter, the "Enforcement Action"). Plaintiff filed a response to the Court's order on April 26, 2013. The FTC filed its own response on June 5, 2013 arguing that the case should be transferred to the Northern District of Georgia, and Hi-Tech filed a reply on June 20, 2013. Upon review of the parties' filings, the

1

applicable law, and the entire record, the Court hereby **TRANSFERS** this action to the Northern District of Georgia.

**II. BACKGROUND**

Hi-Tech is a Georgia corporation that manufactures and distributes dietary supplements, including weight loss products. Compl. ¶ 1; Plaintiff's Mem. of Law Showing Cause ("Show Cause Mem.") at 2. In this action, Hi-Tech seeks an order declaring that the term "competent and reliable scientific evidence," as used in a Final Judgment and Permanent Injunction issued in the Enforcement Action, "has no fixed meaning" and "requires case, product and claim specific adjudication and may result in different meanings even in the same case." Compl. ¶ 3a. Hi-Tech alleges that the FTC has adopted a new standard for "competent and reliable scientific evidence" that requires "two double blind, placebo controlled, product specific studies." *Id.* Hi-Tech argues instead that a particular claim about a product is substantiated by "competent and reliable scientific evidence" if it is supported by evidence that: "(i) is based on the expertise of professionals in the relevant area; (ii) is conducted and evaluated in an objective manner by a person qualified to do so; (iii) uses procedures generally accepted in the profession to yield accurate and reliable results; and (iv) has a causal connection to the particular claim being challenged as interpreted by the Court." Compl. ¶ 3b.

The parties have a long history of litigating the substantiation standard for product claims and Hi-Tech has raised similar arguments regarding the FTC's purported attempt to change the standard several times before. In 2008, the Court granted summary judgment for the FTC in the Enforcement Action and held that Hi-Tech had violated Section 5 of the FTC Act. *See Fed. Trade Comm'n v. Nat'l Urological Group, Inc.*, 645 F. Supp. 2d 1167 (N.D. Ga. 2008), *aff'd*, 356 F. App'x 368 (11th Cir. 2009), *cert. denied*, 131 S. Ct. 505 (2012). The Court accepted the FTC expert's conclusions regarding the appropriate level of substantiation for any claims made by Hi-Tech regarding its products, holding that to substantiate weight loss claims, including those for dietary supplements, a party must present "appropriately analyzed results of independent, well-designed, randomized, double-blind, placebo-controlled clinical trials, given at the recommended dosage involving an appropriate sample population in which reliable data on appropriate end points are collected over an appropriate period of time." *Id.* at 1202. Moreover, the Court ruled that "some form of clinical trial must have been conducted on the product itself or an exact duplicate of the product to substantiate the defendants' claims regarding the overall product." *Id.* at 1202-03. These standards were incorporated in a permanent injunction entered in December 2008. *See* Enforcement Action, ECF No. 230.

In May 2012, in an Order granting a motion by the FTC for an order to show cause why Hi-Tech should not be held in contempt, the Court again noted that it had already adopted the FTC's definition as to what constituted "competent and reliable scientific evidence" in its 2008 opinion. *See Fed. Trade Comm'n v. Nat'l Urological Group, Inc.*, No. 04-cv-3294, ECF No. 390 at 7. In granting the FTC's motion for an order to show cause, the Court noted that the FTC's substantiation standard was "part of the law of the case" and therefore "not subject to relitigation." *Id.* at 8-9. Following extensive briefing in which Hi-Tech made almost identical arguments to those it has made in its Complaint regarding the substantiation standard, the Court granted the FTC's motion to hold Hi-Tech and other defendants in the Enforcement Action liable for contempt of the December 2008 permanent injunction in August 2013. *See* FTC's Notice of Filing.

In addition to the litigation in the Enforcement Action, Hi-Tech brought a substantially similar action to the one currently before this Court in the Northern District of Georgia in June 2012. *See Hi-Tech Pharmaceuticals, Inc. v. Federal Trade Commission*, No. 12-cv-2043 (CAP). That action was voluntarily dismissed on Plaintiff's motion after the FTC filed a motion to dismiss. In its motion to dismiss the FTC argued that the level of substantiation for advertising claims was not

4

a "rule" promulgated by the FTC, and that Hi-Tech was collaterally estopped from re-litigating an issue that had already been litigated in the Enforcement Action.  Moreover, the FTC argued that even if Hi-Tech could re-litigate the issue, the proper forum would be the Enforcement Action and not a separate action.  *See* FTC Mot. to Dismiss, ECF No. 7, *Hi-Tech Pharmaceuticals, Inc. v. Federal Trade Commission*, No. 12-cv-2043 (CAP).

**III. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."  In so doing, the district court has discretion to transfer a case based on an "'individualized case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see also Demery v. Montgomery County*, 602 F. Supp. 2d 206, 210 (D.D.C. 2009) ("Because it is perhaps impossible to develop any fixed general rules on when cases should be transferred[,] . . . the proper technique to be employed is a factually analytical, case-by-case determination of convenience and fairness.") (internal quotation marks omitted)).  The moving party bears the burden of establishing that transfer of the action is proper.

5

*Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 71 (D.D.C. 2005); *see also SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978) (noting that the district court's denial of a motion to transfer "was effectively a ruling that [the appellant] had failed to shoulder his burden").

In order to justify a transfer, defendants must make two showings. First, they must establish that the plaintiff could have brought suit in the proposed transferee district. *Devaughn*, 403 F. Supp. 2d at 71-72; *Trout Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). Second, defendants must demonstrate that considerations of convenience and the interests of justice weigh in favor of a transfer. *Devaughn*, 403 F. Supp. 2d at 72; *Trout Unlimited*, 944

**IV. DISCUSSION**

Plaintiff argues that venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e), which provides that "[a] civil action in which a defendant is . . . an agency of the United States . . . may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant to the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides if no real property is involved in the action." Under this standard, Hi-Tech contends that venue is not improper in the District of Columbia because the FTC is

headquartered in the District.  The FTC argues that the case should be transferred because "Hi-Tech has already litigated, in the enforcement action, the issue it seeks to raise here and, even if it could relitigate the issue, the proper forum would be the enforcement action."  Response to Hi-Tech at 3.

**A. Private Interest Factors**

The private interest factors the court will consider in deciding whether to transfer an action include, *inter alia*: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; and (4) the convenience of the parties.  *See Spurlock v. Lappin*, 870 F. Supp. 2d 116, 122 (D.D.C. 2012) (citing *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)).

Hi-Tech argues that "the District of Columbia is a more appropriate forum to address the constitutional and statutory issues raised in the complaint," Plaintiff's Show Cause Mem. at 7, though it has proffered few reasons why that might be the case.  Indeed, Hi-Tech's principal argument against transfer is essentially that this Court should not transfer the action because its choice of forum should be afforded deference.  In its response to the Court's April 12, 2013 Minute Order, Hi-Tech makes no mention of the similar complaint it filed in the

7

Northern District of Georgia in June 2012, which it later voluntarily dismissed, nor does it address the similarities between the arguments it presents here and those that were at issue in contempt proceedings in the Enforcement Action.

In addressing the private interest factors, Hi-Tech argues that the claim arose in the District of Columbia because the FTC has made relevant decisions in this jurisdiction. However, it does not address the fact that the Injunction at issue in this matter was entered after litigation in the Northern District of Georgia, or how that fact affects where the claim arose. Plaintiff's Show Cause Mem. at 7. Hi-Tech also argues that a District of Columbia forum would not only be more convenient for its New Jersey based counsel, but also for the FTC. *Id.* at 7-8. According to Hi-Tech, after years of costly litigation it can no longer afford to pay counsel to travel to Georgia. *Id.* at 8. As a result, it argues that as the plaintiff in this action, it is "seeking the advantage of a more conveniently located forum." *Id.* Finally, Hi-Tech claims that the fact that the parties have litigated in the Northern District of Georgia in the past has no bearing on this Court's transfer analysis. *Id.*

The FTC argues that in this case, the Defendant's choice of forum should take precedence because of the existing Enforcement Action pending in the Northern District of Georgia. Response to Plaintiff's Show Cause Mem. at 8. According to the FTC, its

8

choice of forum is further supported by the fact that the claim, contrary to Hi-Tech's assertion that it arose in the District of Columbia, actually arose in the Enforcement Action. *Id.* Moreover, according to the FTC, Hi-Tech "seeks to make the same arguments here that the Court in Georgia has repeatedly addressed and rejected." *Id.*

The Court agrees. While Hi-Tech is correct that a plaintiff's choice of forum is generally accorded deference, "where the chosen forum is not plaintiff's home forum" or "where there is an insubstantial factual nexus between the case and plaintiff's chosen forum, deference to the plaintiff's choice of forum is . . . weakened." *New Hope Power Co. v. U.S. Army Corps of Eng'rs*, 724 F. Supp. 2d 90, 95 (D.D.C. 2010). This deference is further lessened where, as here, the transferee forum has "substantial ties" to both the plaintiff and "the subject matter of the lawsuit." *Trout Unlimited*, 944 F. Supp. at 17. Indeed, as Hi-Tech concedes in its response to the Court's show cause order, "this case is about how the FTC may or may not enforce the Injunction" entered in the Enforcement Action. Plaintiff's Show Cause Mem. at 7. As such, the Court concludes that the claims Hi-Tech is attempting to bring arise directly out of the Enforcement Action pending before Judge Pannell in the Northern District of Georgia. The only tie to the District of the Columbia seems to be that the FTC is headquartered here, which

9

is not sufficient, on its own, for this Court to maintain jurisdiction. *See Sheffer v. Novartis Pharmaceuticals*, 873 F. Supp. 2d 371, 376 (D.D.C. 2012) (finding that transfer was warranted where the only tie to the District of Columbia was that the court had in personam jurisdiction over the defendant). Therefore, the deference usually afforded to the Plaintiff's choice of forum has been greatly diminished and weighs in favor of transfer.

Moreover, in this case, the Defendant would prefer the transferee forum, and with good reason. Given the inextricable links between this action and the Enforcement Action, the Northern District of Georgia would be more convenient for the parties despite Hi-Tech's argument regarding the cost of litigating in Georgia.[1] *See* Plaintiff's Show Cause Mem. at 8. Hi-Tech cannot circumvent Judge Pannell's multiple rulings on the substantiation standard, made after years presiding over the case, by trying to re-litigate an already-decided question in this Court. Contrary to Plaintiff's allegations that the FTC has somehow amended the substantiation standard and now requires "in all cases, a double blind, placebo-controlled, product

---

[1] As the FTC points out, the Enforcement Action is still pending and counsel in this matter have entered appearances in the Enforcement Action. Response to Plaintiff's Show Cause Mem. at 9. Given that, the Court fails to see how litigating this issue in the Northern District of Georgia would significantly increase Hi-Tech's legal fees.

specific study," Plaintiff's Show Cause Mem. at 3, that requirement was imposed by the Court and is the law of the case in the Enforcement Action. Any issues that Hi-Tech may have with that standard or how the FTC enforces the Injunction as a whole must therefore be litigated in the Enforcement Action, not in this Court.

**B. Public Interest Factors**

In addition to the private interest factors discussed above, the Court must also consider several public interest factors before transferring the case to another forum. These factors include: "1) the transferee's familiarity with the governing laws, 2) the relative congestion of each court, and 3) the local interest in deciding local controversies at home." *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 34 (D.D.C. 2008) (citing *Liban v. Churchkey Group II, L.L.C.*, 305 F. Supp. 2d 136, 143 (D.D.C. 2004)).

Neither party disputes that all of Plaintiff's claims arise under various federal statutes and the United States Constitution, or that both districts have the requisite familiarity with the law and are equally able to resolve the present dispute. *See* Plaintiff's Show Cause Mem. at 9; FTC Response at 10. *See also Montgomery*, 532 F. Supp. 2d at 34 (citing *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175 (D.C. Cir. 1987)). While there may be no local

interest in deciding the case in Georgia, because, as Hi-Tech argues, the Injunction applies nationally, there is an interest in having issues related and arising out of the Injunction litigated in the forum in which they were originally brought. To the extent that Hi-Tech is challenging enforcement of the Injunction, over which the Georgia Court has retained jurisdiction, that Court is more familiar with the particular issues raised by Hi-Tech than this one. *See e.g., United States ex rel Westrick v. Second Chance Body Armor, Inc.*, 771 F. Supp. 2d 42, 46-47 (D.D.C. 2011) (declining to transfer a case to another forum because the Court was "familiar with the multiple issues and lengthy procedural history of the case, and [had] decided [defendants'] dispositive motions," and because it would have taken another court "a substantial amount of time to familiarize itself with the case"). Because "[l]itigation of . . . related claims in the same forum is strongly favored," the Court finds that the public interest factors weigh in favor of transfer as well. *Id.* (quoting *Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142, 144 (D.D.C. 1979)).

## V. CONCLUSION AND ORDER

The Court concludes that the interests of justice would be best served by transferring this case to the Northern District of Georgia. Accordingly, it is hereby

12

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), the Clerk's Office is directed to **TRANSFER** this case to the United States District Court for the Northern District of Georgia.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**December 20, 2013**